LAW OFFICES
PHELPS & MOORE
PROFESSIONAL LIMITED LIABILITY COMPANY
6424 EAST GREENWAY PARKWAY, SUITE 100
SCOTTSDALE, ARIZONA 85254
(480) 534-1400
Jon L. Phelps (027152)
jon@phelpsandmoore.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Patricia Crawford**, for herself and on behalf of all others similarly situated, <br><br>            Plaintiff; <br><br> v. <br><br> **National Rifle Association of America Political Victory Fund**, a Virginia Corporation; and **John & Jane Does 1-10**; and **Does 1–10**, <br><br>            Defendants. | Case No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> *Jury Trial Demanded* |

Plaintiff Patricia Crawford, on her own behalf and on behalf of all others similarly situated, for her Complaint and cause of action against National Rifle Association of America Political Victory Fund alleges as follows upon personal knowledge as to herself and her own acts and experiences:

## I.    PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Patricia Crawford ("Crawford") was a citizen of Arizona at all times material to this complaint.

2. Defendant National Rifle Association of America Political Victory Fund. ("NRAPVF") purports to be a political action committee supporting more than one federal candidate, with its principal office located at 11250 Waples Mill Road, Fairfax, VA 22030.

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this Complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 227(E) and 28 U.S.C. § 1391.

5. This Court has personal jurisdiction over Defendant because it purposefully directed tortious and illegal conduct at the forum out of which Plaintiff's claims arise, thus satisfying the requirements of specific jurisdiction because the exercise of *in personam* jurisdiction as to each Defendant comports with "fair play and substantial justice."

## II. SUMMARY OF THE CASE

6. Crawford's allegations are based upon personal knowledge as to herself and her own acts, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

7. NRAPVF purports to be a Political Action Committee.

8. NRAPVF is headquartered in Fairfax, Virginia.

9. NRAPVF operates under many fictitious names including "NRA-PVF" and "NRA Political Victory Fund."

10. NRAPVF targets Arizona residents with its political messages.

11. Crawford and Class Members have no relationship with Defendant, and never provided their telephone numbers to Defendant.

12. Nevertheless, Defendant embarked on an unsolicited text message campaign, causing Crawford and class members injuries, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

13. Through this action, Crawford seeks injunctive relief to halt Defendant's illegal conduct.

14. Crawford also seeks statutory damages on behalf of herself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## III. TCPA

15. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an artificial or prerecorded or voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

16. The TCPA (with exceptions that do not apply here) also prohibits the initiation of "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party . . . ." 47 U.S.C. § 227(b)(1)(B).

17. The TCPA prohibits communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs.*, LLC, 565 U.S. 368 (2012).

18. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

19. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

20. A defendant must demonstrate that it obtained the plaintiff's prior express consent before using an automatic dialing system to contact an individual. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

21. Lastly, with respect to standing, as recently held by the United States Court of Appeals for the Ninth Circuit:

> Unsolicited [] phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA "need not allege any additional harm beyond the one Congress has identified."

*Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016)).

22. Similarly, the United States Court of Appeals for the Second Circuit recently held that the receipt of an unsolicited call "demonstrates more than a bare violation and satisfies the concrete-injury requirement for standing." *Leyse v. Lifetime Entm't Servs., LLC*, Nos. 16-1133-cv, 16-1425-cv, 2017 U.S. App. LEXIS 2607 (2d Cir. Feb. 15, 2017) (citing *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 105 (2d Cir. 2013) ("The injury-in-fact necessary for standing need not be large; an identifiable trifle will suffice."); *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 819-21 (8th Cir. 2015) (holding that receipt of two brief unsolicited robocalls as voicemail messages was sufficient to establish standing under TCPA); *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1252 (11th Cir. 2015) (holding that injury under similar TCPA provision may be shown by one-minute occupation of fax machine)).

## IV. GENERAL ALLEGATIONS

23. Defendant embarked upon an intrusive automated text messaging campaign to promote its political agenda.

24. On November 6, 2022, Defendant placed, or caused to be placed, an automated text message to Crawford's cellular telephone number ending in 2632 ("2632 Number"):



25. The text message included a video file that was automatically downloaded to Crawford's phone and contained an artificial or prerecorded voice.

26. Crawford received the subject text within the State of Arizona, therefore, Defendant's violations of the TCPA occurred within the State of Arizona.

27. Upon information and belief, Defendant caused similar texts to be sent to other individuals residing within Arizona.

28. At no point in time did Crawford provide Defendant with her express consent to be contacted by telephone using an artificial or prerecorded voice.

5

29. Crawford is the sole user of the 2632 Number. It is her only residential telephone.

30. It is unknown how Defendant obtained the 2632 Number.

31. The reported phone number for the text message constantly returns a busy signal.

32. The text message does not provide any identifiable characteristics of the intended recipient; rather, the text message is drafted so that it can be sent out *en masse* without variation.

33. Defendant's unsolicited text caused Crawford actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

34. Defendant's text message also inconvenienced Crawford and caused disruption to her daily life.

## V. CLASS ALLEGATIONS

35. Courts regularly certify class actions seeking redress under the TCPA. *See, e.g.*, *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036 (9th Cir. 2012) (affirming certification of provisional class under TCPA).

### A. Proposed Class

36. Crawford brings this case as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and all others similarly situated.

37. The proposed class members (the "Class") are readily ascertainable.

38. The number and identity of the Class are determinable from the records of Defendant.

39. For the purpose of notice and other purposes related to this action, upon information and belief, the names and addresses of the Class are readily available from Defendant.

40. Notice to the Class can be provided by means permissible under FRCP 23.

41. Crawford brings this case on behalf of the below defined Class:

> All persons within the United States (1) who, within the four years prior to the filing of this Complaint; (2) were sent a text message; (3) from Defendant or anyone on Defendant's behalf; (4) to the person's cellular telephone number or residential line; (5) that included an artificial or prerecorded voice in a video; (6) without the recipient's prior express consent.

42. Defendant and their employees or agents are excluded from the Class.

43. Crawford does not know the number of members in the Class but believes the number to *at least* be in the thousands, if not tens-of-thousands.

**B. Numerosity**

44. Upon information and belief, Defendant has placed automated text messages to cellular telephone numbers belonging to thousands of voters throughout Arizona without their prior express consent.

45. Upon information and belief, the members of the Class are so numerous that joinder of all members is impracticable.

46. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery.

47. Identification of the Class members is a matter capable of ministerial determination from Defendant's text message records.

**C. Common Questions of Law and Fact**

48. There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members of the Class.

49. Among the questions of law and fact common to the Class are:

   (i) Whether Defendant sent non-emergency text messages to Plaintiff and Class members' cellular telephones that included an artificial or prerecorded voice in a video file;

7

  (ii) Whether Defendant can meet its burden of showing that it obtained prior express written consent to send such text messages;

  (iii) Whether Defendant is liable for damages, and the amount of such damages; and

  (iv) Whether Defendant should be permanently enjoined from such conduct in the future.

50. The common questions in this case will have common answers. If Crawford's claim that Defendant sent text messages to telephone numbers assigned to cellular telephone services is accurate, Crawford and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

51. Defendant has acted on grounds equally applicable to the entire Class, making final relief appropriate to the Class as a whole.

**E. Adequacy of Representation**

52. Crawford can fairly and adequately protect the interests of the Class and has no interests antagonistic to the same; to the extent necessary and appropriate, additional putative representatives of the Class may be named as plaintiffs by way of amendment.

53. Plaintiff is represented by counsel who is experienced and competent in both class actions and consumer rights litigation.

54. Counsel is willing and able to devote the resources necessary for the successful prosecution of this action.

55. Crawford will fully and adequately assert and protect the interests of the Class and has retained competent counsel that has previous experience in class action litigation. *Zwicky et. al. v. Diamond Resorts International et. al.*, District of Arizona 2:20-CV-02322-PHX-DJH. Accordingly, Crawford is an adequate representative and will fairly and adequately protect the interests of the Class.

### F. Superiority

56. Class action treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that individual actions would entail.

57. Further, the dollar amounts of each individual claim are too small to economically justify full-blown litigation efforts against Defendant with the result that most of the individual claims of the Class would otherwise go unremedied, and Defendant would be allowed to continue harassing people despite knowing that their conduct is illegal.

58. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

59. Individual litigation would also pose a risk of inconsistent adjudications on identical facts and identical legal issues.

60. Individual litigation may also be dispositive of the interests of the Class, although certain class members are not parties to such actions.

61. For the foregoing reasons, class treatment is superior to all other available methods for the fair and efficient adjudication of this lawsuit as it represents the most efficient and effective use of the Court's limited resources and the most efficient and effective way of vindicating the rights of the Class.

### VI. CAUSE OF ACTION

#### 1. COUNT I: VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)

62. All foregoing allegations are incorporated herein by reference.

63. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

64. Defendant – or third parties directed by Defendant – sent text messages that included a video that contained an artificial or prerecorded voice for non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class.

65. These text messages were sent without regard to whether Defendant had first obtained express permission from the text messaged party to make such text messages. In fact, Defendant did not have prior express consent to text message the cellular phones of Plaintiff and the other members of the putative Class when its text messages were made.

66. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by sending text messages that included a video that contained an artificial or prerecorded voice for non-emergency telephone text messages to the cellular phones of Plaintiff and the other members of the putative Class without their prior express consent.

67. Defendant is liable for each such violation of the TCPA.

68. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and Class Members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

69. Crawford and the class are also entitled to a permanent injunction against future calls or text messages.

**2.** **COUNT II: VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(b)(1)(B)**

70. All foregoing allegations are incorporated herein by reference.

71. It is a violation of the TCPA to initiate "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party . . . ." 47 U.S.C. § 227(b)(1)(B).

72. Defendant – or third parties directed by Defendant – sent text messages to Crawford's residential cellular phone containing a prerecorded voice to deliver NRAPVF's message to the cellular phones of Plaintiff and other members of the Class.

73. These text messages were sent without regard to whether Defendant had first obtained express permission from the text messaged party to make such text messages. In fact, Defendant did not have prior express consent to text message the cellular phones of Plaintiff and the other members of the putative Class when its text messages were made.

74. Defendant violated § 227(b)(1)(B) of the TCPA by sending texts that included video that contained an artificial or prerecorded voice to the cellular phones of Plaintiff and the other members of the putative Class, without their prior express consent.

75. Defendant is liable for each such violation of the TCPA.

76. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and Class Members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

77. Crawford and the class are also entitled to a permanent injunction against future calls or text messages.

**WHEREFORE,** Crawford, for herself and on behalf of all others similarly situated, respectfully prays for the following relief:

A. A declaration that Defendants' practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

B. An injunction prohibiting Defendant from sending text messages that include a video that contains an artificial or prerecorded voice to telephone numbers assigned to cellular telephones without the prior express consent of the called party;

C. An injunction prohibiting Defendant from sending text messages that include a video that contain an artificial or prerecorded voice to residential cellular telephones without the prior express consent of the called party;

D. An award of actual and statutory damages;

11

E.      An award of costs and reasonable attorney's fees incurred in the prosecution of the Class claims herein;

F.      Certification of the Class for the claim brought herein pursuant to Federal Rule of Civil Procedure 23; and

G.      For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 23rd day of May, 2023.

*/s/ Jon L. Phelps*
Jon L. Phelps (027152)
PHELPS & MOORE PLLC
6424 East Greenway Parkway, Suite 100
Scottsdale, AZ 85254
(480) 534-1400
jon@phelpsandmoore.com